UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SEAN REILLY

and

AMY REILLY,

                  **Plaintiffs**

v.                                                        21-CV-1128S(Sr)

**BRANDI L. MUMAU**

and

**WALMART STORE #4597,**

                  **Defendants.**

---

### REPORT, RECOMMENDATION AND ORDER

This matter has been referred to the undersigned by the Hon. John L. Sinatra, in accordance with 28 U.S.C. § 636(b), for hearing and disposition of all dispositive and non-dispositive motions. Dkt. #7.

Plaintiffs filed a personal injury action in Supreme Court, Erie County, State of New York on September 10, 2021, seeking recovery of unspecified damages for bodily injury to Sean Reilly after an employee of Walmart Store #4597 struck him with a supply cart and for Amy Reilly's loss of consortium . Dkt. #1-2. Plaintiffs allege that defendant Brandi L. Mumai, the store manager at Walmart Store #4597, exercised negligent and careless supervision of the employee operating the supply cart. Dkt. #1-2. Plaintiffs served defendants on September 27, 2021. Dkt. #1, ¶ 2. All of the individual parties are alleged to be residents of New York. Dkt. #1-2, ¶¶ 1 & 2. Wal-Mart Stores East, LP is a citizen of Delaware and Arkansas. Dkt. #1, ¶ 6.

On October 15, 2021, the defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1441 seeking to disregard defendant Mumau as an improper party and

remove the action against defendant Walmart Store #4597 to this Court on the basis of diversity of citizenship. Dkt. #1.

On November 10, 2021, plaintiffs filed a motion to remand the action to State Supreme Court for lack of subject matter jurisdiction on the ground that defendants have not demonstrated the monetary jurisdictional sum of $75,000. Dkt. Dkt. #10-5, p.5. Plaintiffs also argue that defendant Mumau is a proper defendant who destroys diversity. Dkt. #10, ¶ 11.

Defendants oppose the motion and cross-move for judgment on the pleadings dismissing defendant Brandi L. Mumau from this action. Dkt. #14. Defendants argue that "[t]he broad and unlimited injury and damages allegations in the Plaintiffs' Complaint, taken at face value, make clear that the Plaintiffs are placing more than $75,000 in controversy in this matter, such that an explicit monetary demand is not necessary to render this action removable to this Court." Dkt. #16, p.8. Defendants also argue that New York does not recognize a negligent supervision claim against a store employee on behalf of an injured customer. Dkt. #16, p.8.

Title 28 U.S.C. § 1332(a)(1) provides that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between, *inter alia*, citizens of different States. The party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy. *McNutt v. General Motors Acceptance Corp*, 298 U.S. 178, 189 (1936); *Mehlenbacher v. Akzo Nobel Salt, Inc.,* 216 F.3d 291, 296 (2d Cir. 2000). Thus, the party seeking remand is presumed to be entitled to it unless the removing party demonstrates otherwise and any doubt as to removability should be resolved in favor of remand. *Pate v.City of Rochester*, __ F. Supp.3d __, 2022 WL 71664, at *3 (W.D.N.Y. Jan. 7, 2022). "[I]f the

jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994).

Section 3017(c) of the New York Civil Practice Law and Rules ("CPLR") prohibits a personal injury plaintiff from including a demand for damages in his complaint: "In an action to recover damages for personal injuries or wrongful death, the complaint . . . shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled." In accordance with that statute, plaintiffs' complaint alleges that Sean Reilly has suffered "severe, permanent and painful injuries" and Amy Reilly has been "deprived of her husband's society, services, support and consortium," and "will be required to expend large sums of money for bills, support, and related expenses on his behalf," such that their damages "exceeds all the jurisdictional limits of all lower courts." Dkt. #1, ¶¶ 28-30.

Allegations of serious injuries or damages which exceed the jurisdictional limits of all lower courts which may have jurisdiction are insufficient to establish jurisdiction. *Sabino v. Otis Elevator Co.*, 548 F. Supp.3d 311, 312-13 (E.D.N.Y. July 9, 2021); *Cavaleri v. Amgen Inc.,* 20-CV-1762, 2021 WL 878555, at *2-3 (E.D.N.Y. March 8, 2021) (collecting cases for the proposition that no reasonable inference can be drawn about the amount in controversy from allegations of serious, severe and/or permanent injuries); *See Valentin v. Dollar Tree Stores, Inc*., 21-CV-3647, 2021 WL

2852039, at *2 (S.D.N.Y. July 8, 2021) (the statutory limit for the lower civil courts in New York is only $25,000.00). Furthermore, the weight of cases hold that a refusal to enter into a stipulation to cap damages does not satisfy a defendant's burden to establish jurisdiction. *Sabino*, 2021 WL 2892077, at *2; *Valentin*, 2021 WL 2852039, at *2; *Felicano v. Target Corp.*, 2:19-CV-2706, 2019 WL 2210739, at *2 (E.D.N.Y. May 21, 2019) (collecting cases); *But See Juarbe v. Kmart Corp.*, 05 Civ. 1138, 2005 WL 1994010, at *2 (S.D.N.Y. Aug. 17, 2005) (jurisdictional amount established by plaintiff's failure to execute stipulation to remand case to state court if plaintiff agreed to limit recovery to $75,000 where plaintiff alleged severe, serious and permanent personal injuries with ongoing medical expenses and lost wages). In contrast, a pre-suit demand letter or statement in open court is sufficient to establish the amount in controversy. *See, e.g., Lopez v. Target Corp.,* 21-CV-6491, 2021 WL 4272292, at *2 (W.D.N.Y. Sept. 21, 2021) (plaintiff's $150,000 pre-suit demand letter sufficient); *Felipe v. Target Corp.*, 572 F. Supp.2d 455, 459-60 (S.D.N.Y 2008) (plaintiff's counsel conceded to the Court that amount in controversy exceeded $75,000).

The Court notes that Section 3017(c) of the CPLR expressly provides a means by which a defendant can establish the amount in controversy in circumstances such as these:

> [A] party against whom an action to recover damages for personal injuries or wrongful death is brought, may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled. A supplemental demand shall be provided by the party bringing the action within fifteen days of the request. In the event the supplemental demand is not served within fifteen

> days, the court, on motion, may order that it be served.  A
> supplemental demand served pursuant to this subdivision
> shall be treated in all respects as a demand made pursuant
> to subdivision (a) of this section.

Section 3017(a) of the CPLR requires every complaint except for personal injury or wrongful death  to contain a demand for the relief to which the pleader deems himself entitled.  Moreover, 28 U.S.C. § 1446 provides that a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of diversity of citizenship more than 1 year after commencement of the action unless the district court has found that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action. A plaintiff's deliberate failure to disclose the actual amount in controversy to prevent removal is deemed bad faith. 28 U.S.C. § 1446(c)(3) (B).

The Court of Appeals for the Second Circuit has confirmed that "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010). In addition, the court may allow a defendant to remove a case more than one year after it was filed if it finds a plaintiff attempted to prevent removal in bad faith. *Weslowski v. Home Depot U.S.A., Inc.*, 18-CV-6576, 2019 WL 1517564, at *1 (W.D.N.Y. April 8, 2019). Rather than prematurely removing the action to this Court, defendants should avail themselves of CPLR § 3017(c). *Herrera v. Terner*, 16-CV-4610, 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016). Defendants "proceed at their peril in removing cases before doing so and simply presuming that

their allegations will be deemed sufficient with respect to the required amount in controversy." *Cavaleri*, 2021 WL 951652, at *3.

## CONCLUSION

For the foregoing reasons, it is recommended that plaintiffs' (Dkt. #10), motion for remand to New York State Supreme Court, Erie County, be granted and defendants' (Dkt. #14), cross motion for judgment on the pleadings be denied without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

6

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

**SO ORDERED.**

DATED:   Buffalo, New York
April 7, 2022

                                            <u>s/ H. Kenneth Schroeder, Jr.</u>
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**