UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SEAN REILLY, AMY REILLY,

    Plaintiffs,

v.                              21-CV-1128 (JLS) (HKS)

BRANDI L. MUMAU, WALMART
STORE #4597,

    Defendants.
_____

## DECISION AND ORDER

In a complaint filed in New York State Supreme Court, Erie County, Plaintiffs Sean Reilly and Amy Reilly allege personal injury claims against Defendants Brandi L. Mumau and Walmart Store #4597 based on an incident that allegedly occurred on March 23, 2021 at the Niagara Falls Boulevard, North Tonawanda Walmart store and resulted in injuries to Sean Reilly. *See* Dkt. 1-2. Defendants removed the case to this Court, relying on this Court's diversity jurisdiction. *See* Dkt. 1. After removing the case, Defendants answered the complaint. *See* Dkt. 6.

On October 25, 2021, the Court referred this case to United States Magistrate Judge H. Kenneth Schroeder, Jr., for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 7. Plaintiffs moved to remand the case to state court. Dkts. 10–12. Defendants cross-moved for judgment on the pleadings and in opposition to Plaintiff's motion to remand. Dkts. 14–16. Plaintiffs opposed the cross-motion for judgment on the pleadings and replied in further support of their motion to remand. Dkts. 18–21.

And Defendants replied in further support of their cross-motion for judgment on the pleadings. Dkt. 22.

On April 7, 2022, Judge Schroeder issued a Report, Recommendation and Order ("R&R"), recommending that this Court: (1) grant Plaintiffs' motion to remand; (2) deny Defendants' cross-motion for judgment on the pleadings, without prejudice; and (3) remand the case to New York State Supreme Court, Erie County. See Dkt. 23.

Defendants objected to the R&R, arguing that the Court should deny Plaintiffs' motion to remand because Defendants established the minimum required amount in controversy, and should grant their cross-motion for judgment on the pleadings because Plaintiffs cannot state a plausible claim for relief against Defendant Mumau under New York law. See Dkt. 24. Plaintiffs responded in opposition to Defendants' objections, and Defendants replied. Dkt. 26; Dkt. 27.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court carefully reviewed the R&R and the relevant record. Based on its *de novo* review, the Court accepts Judge Schroeder's recommendation to grant Plaintiffs' motion to remand and to deny, without prejudice, Defendants' cross-motion for judgment on the pleadings. Defendants here did not meet their burden of establishing that this case satisfies the $75,000 jurisdictional threshold, depriving this Court of subject-matter jurisdiction. *See, e.g., Cavaleri v. Amgen Inc.*, No. 20-CV-1762 (PKC)

(RML), 2021 WL 878555, at *1–*2 (E.D.N.Y. Mar. 8, 2021); *Feliciano v. Target Corp.*, No. 2:19-cv-02706 (DLI) (RLM), 2019 WL 2210739, at *1 (E.D.N.Y. May 21, 2019). *Cf. Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 140–41, 148 (2d Cir. 2014) ("a defendant may remove a case when, upon its own independent investigation, it determines that the case is removable"; concluding that defendant's examination of "more than 3,000 registered promissory notes in electronic form secured by mortgages on real property located in New York" and "a conservative estimate of damages for each possible class member " resulted in "a reasonable probability that the matter in controversy exceed[ed]" the jurisdictional threshold).

For the reasons stated above and in the R&R, the Court:

- GRANTS Plaintiffs' motion to remand (Dkt. 10);
- DENIES Defendants' cross-motion for judgment on the pleadings (Dkt. 14), without prejudice; and
- Remands this case to New York State Supreme Court, Erie County.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated:   June 30, 2022
         Buffalo, New York

*/s/ John L. Sinatra, Jr.*
_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

3